Filed 5/14/14  In re Jason A. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JASON A., et al., Persons Coming Under the Juvenile Court Law. | B251715 (Los Angeles County Super. Ct. No. CK99578) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. CEDRIC A., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Rudolph A. Diaz, Judge.  Reversed.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Jeanette Cauble, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

Cedric A. (Father) appeals from the dispositional order following the juvenile court's order finding jurisdiction over his three sons under Welfare and Institutions Code section 300, subdivisions (a), (b) and (j) on the ground that Father knew or should have known that the children's mother was engaging in the "inappropriate physical discipline" of the children and that he failed to protect them. We reverse the orders as to Father. (The children's mother is not a party to this appeal.)

"Serious physical harm" is a ground for dependency jurisdiction under the circumstances defined in subdivisions (a), (b) and (j) of Welfare and Institutions Code section 300. Here, however, the court did not find that Father failed to protect the children from "serious physical harm." On the contrary, the court struck the allegations of "serious physical harm" from the petition and found instead that Mother's slapping one child on his face leaving a mark and spanking two of the children with her hand and a belt constituted "inappropriate physical discipline."

The court's error was prejudicial. "Inappropriate physical discipline" is not synonymous with "serious physical harm." The latter connotes physical abuse, not a personal judgment about what is appropriate. Furthermore, we cannot say based on the record before us that Mother's conduct toward the children constituted "serious physical harm" when the court specifically found as a factual matter it did not and this finding is supported by the DCFS case worker who testified that not every spanking with a belt constitutes abuse and conceded that she didn't know when it does and when it doesn't.

DISPOSITION

The jurisdictional and dispositional orders, insofar as they are based on Father's conduct, are reversed.[1]

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

MILLER, J.[*]

---

[1]     We take judicial notice that while this appeal was pending the court ordered Father and Mother have joint physical custody of Caleb and Micah and terminated jurisdiction over Jason.  These orders do not moot Father's appeal because the court's jurisdictional findings as to him could affect him in future dependency or other proceedings.  (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1432.)

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.